IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER EBERT, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| GENPACT LIMITED, | Removed from the Court of Common Pleas of Luzerne County, Pennsylvania (Case No. 2020-12645) |
| Defendant. | |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, Defendant Genpact Limited ("Genpact")[1], by and through undersigned counsel, removes this action from the Court of Common Pleas of Luzerne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania and states as follows:

1. On December 31, 2020, Plaintiff Christopher Ebert filed a Complaint against Genpact in the Court of Common Pleas of Luzerne County, Pennsylvania, captioned *Chris Ebert v. Genpact Limited*, Case No. 2020-12645. A copy of the Complaint, along with copies of all process, pleadings, and orders received by Genpact, is attached as **Exhibit A**.

---

[1] Plaintiff has incorrectly sued Genpact Limited, and not Plaintiff's former employer, Genpact LLC; however, as set forth below, this does not affect the analysis for diversity jurisdiction because neither Genpact entity is a citizen of Pennsylvania.

2. Undersigned counsel agreed to accept service on behalf of Genpact and, on May 4, 2021, Plaintiff mailed the Notice to Defend and Complaint by first class mail to undersigned counsel, which was received by undersigned counsel on May 17, 2021.

3. To date, no other documents have been filed with the Court of Common Pleas of Luzerne County, Pennsylvania, or served upon Genpact.

4. Genpact's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it was filed less than thirty (30) days after Plaintiff mailed the Notice to Defend and Complaint to undersigned counsel, and less than 30 days from undersigned counsel's receipt of the same.

5. Plaintiff's employer, Genpact, LLC, has one member, Genpact USA, Inc., which is a Delaware corporation with its principal place of business in New York. Genpact Limited, which is incorrectly identified as the Defendant, is the ultimate corporate parent of Genpact USA, Inc. and is incorporated under the laws of Bermuda, with its principal executive office located in Hamilton, Bermuda.

6. Accordingly, for diversity purposes, the proper Defendant, Genpact, LLC is deemed to be a citizen of both the State of Delaware and the State of New York. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (noting that for the purposes of diversity jurisdiction, an LLC's citizenship is determined by the citizenship of its members); 28 U.S.C. § 1332(c) ("[A]

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The named Defendant, Genpact Limited, is a citizen of Bermuda. *Id*.

7. As Plaintiff is citizen of the Commonwealth of Pennsylvania (Pl.'s Complaint at ¶ 1) and the Defendant is a citizen of a state other than the Commonwealth of Pennsylvania, there is a complete diversity of citizenship between the parties, thus satisfying 28 U.S.C. § 1332(a)(1).

8. Plaintiff's Complaint alleges three counts arising from his employment: wrongful termination/breach of contract (Count I), breach of contract/retaliation (Count II), and intentional infliction of emotional distress (Count III).

9. In each Count, Plaintiff demands "compensatory damages in an amount ***in excess of $50,000***, together with punitive damages, interest, costs of suit, attorneys' fees, and all other damages deemed recoverable according to law." (*See* Pl.'s Complaint at pp. 5, 7, and 9 (emphasis added)).

10. While Genpact denies liability, based on a plain reading of the allegations, claims, and requests for relief, the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000 required by 28 U.S.C. § 1332(a) for diversity jurisdiction. In each count, Plaintiff seeks at least $50,000 in compensatory damages ***plus***, interest, costs, attorneys' fees, and punitive damages;

thus, each count individually satisfies the jurisdictional requirement. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court" and holding that a court must consider punitive damages when calculating the amount in controversy)). Alternately, aggregating each of Plaintiff's counts, Plaintiff demands a minimum of $150,000 in compensatory damages over three different counts based on three different theories of liability, which further satisfies the jurisdictional minimum. *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other."); *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("'[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith[.]'")).

11. Accordingly, the amount in controversy in this matter exceeds the $75,000 jurisdictional limit and satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

12. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service on Genpact of a copy of the Complaint, the pleading setting forth the claims for relief upon which this removal is based.

13. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b). The United States District Court for the Middle District of Pennsylvania is the District Court for the district embracing Luzerne County, where the action is currently pending in the Court of Common Pleas. *See* 28 U.S.C. § 118(b).

14. Genpact is providing written notice of this filing to Plaintiff by serving copies of the same on Plaintiff pursuant 28 U.S.C. § 1446(d).

15. A true and correct copy of this Notice of Removal will be filed with the clerk of the Court of Common Pleas of Luzerne County, Pennsylvania, and served upon counsel for Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

16. Genpact reserves its right to raise all defenses and objections to Plaintiff's claims after the action is removed to the above Court. No statement herein or omission is intended to be an admission by Genpact of any of the allegations of or damages sought in the Complaint.

WHEREFORE, Genpact respectfully requests this action now pending in the Court of Common Pleas for Luzerne County be removed the United State District Court for the Middle District of Pennsylvania.

| | |
|---|---|
| Dated:  June 1, 2021 | Respectfully submitted,<br><br>*/s/ Adam T. Simons*<br>Adam T. Simons<br>Pa. I.D. No. 322256<br>McGuireWoods LLP<br>500 East Pratt Street, Suite 1000<br>Baltimore, Maryland 21202<br>410-659-4417<br><br>*Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF filing system. I further certify that a true copy of the foregoing is being served via electronic mail and first-class mail upon the following:

    Andrew J. Katsock, III
    15 Sunrise Drive
    Wilkes-Barre, PA 18705
    Tel. (570) 829-5884
    Fax (570) 970-3730
    ajkesq@comcast.net

    *Counsel for Plaintiff*

    */s/ Adam T. Simons*
    Adam T. Simons