# Exhibit A

# ANDREW J. KATSOCK, III
## Attorney at Law

15 Sunrise Drive
<u>Wilkes-Barre, PA  18705</u>

Telephone: (570) 829-5884
Facsimile: (570) 970-3730

May 4, 2021

Adam T. Simons, Esquire
MaGuireWoods, LLP
500 East Pratt Street, Suite 1000
Baltimore, MD  21202-3169

RE:   CHRIS EBERT ("Plaintiff")
VS:   GENPACT LLC and GENPACT LIMITED ("Defendants")
<u>CIVIL CASE NO.:  2020-12645</u>

Dear: Mr. Simons:

      Enclosed herein kindly find a Reinstated Complaint and a Notice to Defend filed in the Court of Common Pleas of Luzerne County, Pennsylvania, in the above-captioned matter.

      Please be guided accordingly.

Very truly yours,

ANDREW J. KATSOCK, III

AJK/cml
Enclosure
cc:  Chris Ebert

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY

| | |
|---|---|
| CHRIS EBERT, | : |
| Plaintiff | : |
| vs. | : CIVIL ACTION-LAW |
| | : JURY TRIAL DEMANDED |
| GENPACT LIMITED, | : |
| Defendant | : No. 2020-12645 |

## NOTICE

**YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND** against the claims set forth in the following pages, **YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS** after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that **IF YOU FAIL** to do so the case may proceed without you and **A JUDGMENT** may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. **YOU MAY LOSE MONEY OR PROPERTY** or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU CANNOT AFFORD A LAWYER, THE FOLLOWING OFFICES MAY BE ABLE TO PROVIDE YOU WITH INFORMATION OR OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

North Penn Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
Telephone: (570) 825-8567

### AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Luzerne County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

1

# A V I S O

**USTED HA SIDO DEMANDADO/A EN CORTE.** Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.**

**SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.**

North Penn Legal Services  
33 North Main Street, Suite 200  
Pittston, PA 18640  
Telephone: (570) 825-8567

2

PROTHONOTARY LUZERNE COUNTY
FILED DEC 31 '20 AM 9:37

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY

| | |
|---|---|
| CHRIS EBERT, | : |
| Plaintiff | : |
| | : CIVIL ACTION-LAW |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| GENPACT LIMITED, | : |
| Defendant | : No. 202012645 |
| | : |

## COMPLAINT

The Plaintiff, CHRIS EBERT, by and through his attorney, ANDREW J. KATSOCK, III, Esquire, hereby complains against the Defendant, GENPACT LIMITED, as follows:

1. The Plaintiff, Chris Ebert, (hereinafter "Ebert" or "Plaintiff") is an adult, competent individual residing at 9 Harrington Street, Courtdale, Luzerne County, Pennsylvania.

2. The Defendant, Genpact Limited, (hereinafter "Genpact") is a multinational business process and information technology services company with its principal place of business in the United States of America at 1155 Avenue of the Americas, 4th Floor, New York City, New York, 10036, and operating and doing business in the Commonwealth of Pennsylvania at 335 New Commerce Boulevard, Wilkes-Barre, Pennsylvania, 18706.

3. Ebert was hired by Genpact as an employee on August 7, 2017.

4. At the time of his hire by the Defendant, the Plaintiff was both orally advised of and was briefly shown various company documents which included the policies, terms, conditions and expectations of his employment, which included, *inter alia*, an employee handbook or manual.

5. At the time of his hire by the Defendant, the Plaintiff was both orally advised of and was briefly shown various company documents which included the policies, terms, conditions and expectations of his employment, which included, *inter alia*, an employee handbook, which provided that employees were to have a two-tier disciplinary system, which includes first a verbal warning, then a written warning.

6. On January 31, 2020, Genpact terminated the Ebert's employment without cause or notice.

## COUNT I-WRONGFUL TERMINATION/BREACH OF CONTRACT

7. The Plaintiff incorporates by reference all preceding paragraphs as if same were set forth in full.

8. The employee handbook or manual constituted an implied contract and agreement between the Plaintiff and the Defendant, based on Defendant's words and behavior.

9. At all times leading up to the events for which the Plaintiff was terminated by the Defendant, the Plaintiff was told by the Defendant's officers and employees that "You're doing a great job for us" and the Plaintiff only received positive evaluations and reviews.

10. The Defendant told the Plaintiff/employee that his rights and duties of employment were in the company's written handbook or guidelines, and as such, the

Defendant/Employer had an implied legal duty not to terminate employment so long as the Plaintiff was doing his job in compliance with the handbook.

11. In the instant case, the employee handbook served as an implied contract of employment.

12. The defendant failed to provide the Plaintiff with appropriate verbal and written warnings prior to termination.

13. The reason for the Plaintiff's termination did not amount to "good cause" within the meaning of the law.

14. Plaintiff Ebert was qualified because his actual work performance was not questioned.

15. Plaintiff Ebert never received any written or oral warnings.

16. The Plaintiff has suffered damages as a result of the actions of the Defendant, Genpact Limited, and its breach of its contract with the Plaintiff.

WHEREFORE, Plaintiff demands from the Defendant, Genpact Limited, compensatory damages in an amount in excess of $50,000.00, together with punitive damages, interest, costs of suit, attorneys' fees, and all other damages deemed recoverable according to law.

## COUNT II-BREACH OF CONTRACT/RETALIATION

17. Paragraphs one (1) through 16 above are incorporated by reference as though fully set forth herein.

18. The Defendant requested that the Plaintiff and other employees take a "confidential" and "anonymous" company survey regarding their experiences at Genpact

5

through the company's "Amber Chat Bot". Participants were encouraged to be candid in their answers.

19. The Plaintiff participated in the survey as requested by his managers, and was honest in his assessments of various matters concerning the job, management and the company's its clients.

20. In October or early November, 2019, shortly after participating in the survey, the Plaintiff was called to an unannounced meeting with company officers, wherein he was confronted about his comments on the "confidential" and "anonymous" survey.

21. The Plaintiff had no intention or interest in leaving his position and wanted to continue to work for Genpact Limited until its agents retaliated against him after he communicated that his workplace conditions in the "confidential" and "anonymous" survey.

22. Thereafter, during the period from the October or early November, 2019 meeting, up until the time when Ebert was discharged on January 31, 2020, the Plaintiff's workplace was intimidating and hostile.

23. As a result of the "confidential" and "anonymous" comments made to the company survey by the Plaintiff as herein stated, Genpact Limited and its agents retaliated against the Plaintiff by placing him on a "Performance Improvement Plan", gave him an unsatisfactory job performance rating and terminated the Plaintiff's employment.

24. The Defendant and/or its agents maintained a pattern and practice of retaliation against the Plaintiff such that said wrongful conduct has caused irreparable injury to the Plaintiff, causing harm to his physical and emotional health.

25. The Defendant and/or its agents maintained a pattern and practice of retaliation against the Plaintiff and such wrongful conduct has prevented him from obtaining and/or maintaining stable/consistent employment.

26. The Defendant and its agents further owed a duty to the Plaintiff as an employee to screen and hire capable and qualified individuals to serve as his superiors.

27. The Defendant and its agents further owed a duty to the Plaintiff to properly oversee and to direct such superiors.

28. The Defendant incurred a duty to its employees to maintain a work environment that was free of retaliation and harassment and to hire and supervise employees in a manner likely to achieve that end.

29. The Defendant did not take any measures to correct harassment.

30. The Defendant violated Plaintiff's rights by taking actions adverse to Plaintiff as a direct and proximate result of and in retaliation for Plaintiff's exercise of his rights.

31. The Defendant acted knowingly, willfully and/or maliciously, and with the specific intent to deprive Plaintiff of his constitutional rights and/or with deliberate indifference to Plaintiff's constitutional rights.

32. The Defendant's actions in retaliation for Plaintiff's exercise of his rights are sufficient to chill or silence a person of ordinary firmness from future activities.

33. As direct and proximate result of these violations of his rights, the Plaintiff has suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment.

WHEREFORE, Plaintiff demands from the Defendant, Genpact Limited, compensatory damages in an amount in excess of $50,000.00, together with punitive

damages, interest, costs of suit, attorneys' fees, and all other damages deemed recoverable according to law.

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. The Plaintiff incorporates by reference all preceding paragraphs as if same were set forth in full.

35.     The Plaintiff believes, and therefore avers, that the Defendant, and its agents, employees and/or supervisors, action were made with the specific intention to have his employment and contract terminated.

36.     The agents, employees and supervisors of Genpact Limited acted intentionally, knowingly and without justification or "just cause".

37.     As a result of the outrageous conduct of the Defendant, and its agents, employees and/or supervisors, Genpact Limited, the Plaintiff's employment was wrongfully terminated.

38.     The actions, statements and misrepresentations committed by Genpact Limited and its agents, employees and/or supervisors involving Chris Ebert as hereinbefore mentioned constitutes outrageous conduct.

39.     The actions, statements and misrepresentations committed by Genpact Limited and its agents, employees and/or supervisors involving Chris Ebert were done so with the intent to harm Chris Ebert and damage his future career, or in the alternative, were made with reckless disregard of the consequences to Chris Ebert.

40.     The actions, statements, retaliation and misrepresentations committed by Genpact Limited and its agents, employees and/or supervisors were directed specifically against Chris Ebert.

41. As a result of the actions and misrepresentations of Genpact Limited and its agents, employees and/or supervisors involving the Plaintiff, Chris Ebert suffers from severe emotional distress.

42. The actions of Genpact Limited and its agents, employees and/or supervisors has caused the Plaintiff to suffer severe emotional distress, anxiety, tension headaches and other health problems.

43. The actions, statements, retaliation and misrepresentations committed by Genpact Limited and its agents, employees and/or supervisors involving Chris Ebert was the actual cause of the Plaintiff's severe emotional distress.

WHEREFORE, Plaintiff demands from the Defendant, Genpact Limited, compensatory damages in an amount in excess of $50,000.00, plus costs of suit, interest, attorneys' fees, and all other damages deemed recoverable according to law.

Respectfully submitted,

ANDREW J. KATSOCK, III, Esquire
Attorney for the Plaintiff, Chris Ebert
15 Sunrise Drive
Wilkes-Barre, PA 18705
Telephone: (570) 829-5884
Facsimile: (570) 970-3730

THE WITHIN COMPLAINT IS HEREBY REINSTATED CIVIL RECORDS OFFICE PER: [signature] 4 30 2021

9

## VERIFICATION

CHRIS EBERT hereby states that he is the PLAINTIFF in this action and that their statements of fact made in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief. He further understands that his statements are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Date: 12/31/2020

_____
CHRIS EBERT

10

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __Plaintiff__

Signature: _/s/_

Printed Name: __Andrew J Katsock__

Attorney No. (if applicable): __59011__